**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| RAICES, INC. <br> 5121 Crestway Dr. #105 <br> San Antonio, TX 78239 <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <br> 500 12th Street, S.W. <br> Washington, D.C. 20536-5009 <br><br> *Defendant.* | Civil Action No.: 1:15-cv-1318 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552, seeking unlawfully withheld agency records relating to allegations that detention officers employed by The GEO Group, Incorporated sexually abused female asylum-seekers who were jailed with their children in the for-profit U.S. Immigration and Customs Enforcement ("ICE") family detention camp in Karnes City, Texas.

2. After detainees confided to their *pro bono* attorneys that GEO detention officers at the Karnes City facility used a laundry room to sexually assault women in the late night and early morning hours, attorneys lodged a formal complaint with the Department of Homeland Security ("DHS").

3. Following an investigation in which many potential witnesses reportedly felt pressured by government officials, the DHS Office of Inspector General ("OIG") reported that it failed to uncover any evidence substantiating the allegations.

1

4.  RAICES, INC. (the Refugee and Immigrant Center for Education and Legal Services "RAICES"), a San Antonio-based non-profit organization that provides direct legal services to women and children detained in the Karnes facility, submitted a FOIA request for records that could help shed light on perceived shortcomings in OIG's investigative conclusions.

5.  Because ICE has unjustifiably failed to respond to this request within the statutorily mandated timeframe and improperly withheld these records, RAICES seeks declaratory and injunctive relief under the Act.

## Jurisdiction and Venue

6.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Jurisdiction lies to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because RAICES brings this action in the District of Columbia.

## Parties

7.  RAICES is a nearly 30 year-old non-profit legal services and advocacy agency with offices in San Antonio, Austin, Corpus Christi, and Dallas-Fort Worth, Texas. RAICES is the coordinator of the Karnes Pro Bono Project and as a project, has provided legal services to more than 1,500 families detained in the federal government's makeshift refugee internment camp for women and children in Karnes City, Texas.

8.  ICE is an executive agency of the United States government and is responsible for interior enforcement of the nation's immigration and nationality laws. ICE is an agency within the meaning of 5 U.S.C. § 552(f)(1).

//
//

## Factual Background

9. On August 1, 2014, ICE began jailing Central American women and their children in a secure, unlicensed detention in Karnes City, Texas.[1]

10. On September 30, 2014, *pro bono* attorneys for women and children detained in ICE's Karnes City facility submitted a formal written complaint to ICE and other parties describing alleged sexual abuse and other improper conduct by GEO and ICE personnel.[2]

11. On January 7, 2015, DHS OIG published an Investigative Summary concluding that all allegations in the written complaint were unsubstantiated.[3]

12. In the Investigative Summary, DHS OIG stated: "Review of over 360 hours of time lapsed surveillance video footage of the laundry room and day room areas failed to confirm that any of the detainees were escorted to those areas after hours by Detention Officers."[4]

13. According to OIG, the day room/laundry room video did depict sex in the laundry room, but it was between two GEO employees, both of whom were subsequently fired.[5]

---

[1] *See* "South Texas ICE Detention Facility to House Adults with Children" ICE Press Release (Jul. 31, 2014), *available at* http://www.dhs.gov/news/2014/07/31/south-texas-ice-detention-facility-house-adults-children (last visited Aug. 12, 2015). *But see Flores v. Johnson*, 85-cv-

[2] Complaints Regarding Sexual Abuse of Women in DHS Custody at Karnes County Residential Center (Sept. 30, 2014), *available at* http://www.maldef.org/assets/pdf/2014-09-30_Karnes_PREA_Letter_Complaint.pdf (last visited Aug. 12, 2015).

[3] Memorandum from John Roth, Inspector General, DHS, to Jeh Johnson, Secretary of Homeland Security re: Investigative Summary – GEO Group Incorporated Detention Facility, Karnes City, Texas (Jan. 7, 2015), *available at* https://www.oig.dhs.gov/assets/Mga/OIG_mga-010715.pdf (last visited Aug. 12, 2015).

[4] *Id.* at 2.

[5] *Id.* at 4.

14. The Investigative Summary neither confirms nor denies that GEO detention officers and female detainees were in the laundry room together during the late-night or early-morning hours, even if detainees were not 'escorted' to those areas after hours by detention officers.

15. Nor does the Investigative Summary state whether GEO detention officers and detained mothers can be seen at any point in the 360 hours of video leaving the camera's field of view to go into the laundry room after hours.

16. According to former detainees familiar with the allegations, the sexual assaults by guards happened quite intentionally in a "blind spot" that would not have been captured by a security camera. A former detainee drew a schematic depicting this blind spot as follows:



17. The irreconcilable conflict between OIG's investigative conclusions and the reports of multiple mothers detained in the facility, subsequent reports by detained mothers of alleged strong-arm tactics employed by DHS OIG investigators during

interviews of detainee mothers, and documented instances in which DHS OIG investigations have been tainted by intentionally falsified records in the past—including multiple agents and several criminal investigations in Texas[6]—prompted RAICES to seek ICE agency records aimed at understanding whether OIG conducted a complete investigation into allegations of detainee sexual abuse in the Karnes City laundry room.

## Plaintiff's FOIA Request

18. On April 22, 2015, RAICES submitted a FOIA request for:

> The following physical and electronic records in regards to the laundry room in the Karnes County Residential Center in Karnes City, Texas:
> a. Blueprint of the laundry room
> b. Schematics of the laundry room that include the following:
> c. Locations of all walls in the laundry room
> d. Locations of all appliances in the laundry room
> e. Locations of all furniture in the laundry room
> f. Locations of all security cameras in the laundry room
> g. Locations of all doors in the laundry room
> h. Locations of all windows in the laundry room
> i. Dimensions of the laundry room
> j. Dimensions of all walls in the laundry room
> k. Dimensions of all appliances in the laundry room
> l. Dimensions of all furniture in the laundry room
> m. Dimensions of all doors in the laundry room
> n. Dimensions of all windows in the laundry room
>
> Policies and procedures related to the laundry room, including but not limited to:
> a. Adult detainee use of the laundry room
> b. Child detainee use of the laundry room
> c. Staff use of the laundry room
> d. Any other policies and procedures related to the laundry room
>
> Policies and procedures related to security monitoring of the laundry room, including but not limited to:
> a. Monitoring, maintaining, installing, reviewing and storing footage, or any other function related to operation of the security camera(s) in the laundry room

---

[6] *See, e.g., United States v. Pedraza*, No. 1:13-cr-305, ECF No. 1, Indictment (S.D. Tex. filed Apr. 9, 2013), *available at* https://www.documentcloud.org/documents/682566-dhs-oig-indictment.html (last visited Aug. 12, 2015).

  b. Where recorded security camera footage in the laundry room is stored
  c. How the security camera footage recorded in the laundry room is stored
  d. For how long the security camera footage recorded in the laundry room is stored
  e. Compliance procedures to ensure that the laundry room is properly monitored
  f. Compliance procedures to ensure that security cameras are properly monitored
  g. Procedures for when supervisor review of laundry room monitoring, or security camera monitoring, is expected and/or required.

19. ICE acknowledged receipt of Plaintiff's request on April 22, 2015 and assigned it Case Number **2015-ICFO-78483**.

20. To date, Plaintiff has received no agency records responsive to the request.

21. As of August 12, 2015, ICE's online FOIA tracking system indicates that Plaintiff's request is not even in ICE's system. The results of this check appear on the following page:



## Claim for Relief
## Violation of the FOIA: Improper Withholding of Agency Records

22. All previous paragraphs are incorporated as though fully set forth herein.

23. Plaintiff has a legal right under the FOIA to obtain agency records described in the April 22, 2015 request assigned ICE control number 2015-ICFO-78483.

24. No legal basis exists for ICE's failure to adequately search for and promptly disclose responsive agency records in accordance with the timing and other requirements of the Act.

25. ICE's failure to make reasonable efforts to search for responsive agency records, and its wrongful withholding of agency records sought in connection with the April 22,

2015 request, violates the FOIA. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(3)(C), and 552(a)(6)(A).

26. ICE has failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A) or extend those time limit provisions pursuant to 5 U.S.C. § 552(a)(6)(B) with respect to Plaintiff's FOIA request. As such, RAICES has constructively exhausted all of its available administrative remedies.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment enter in its favor and against Defendant, and that:

A. the Court order Defendant and any of Defendant's agents or other persons, departments, or components acting for, with, by, through, or under them, to conduct a prompt and reasonable search for records responsive to Plaintiff's requests under the FOIA;

B. the Court permanently enjoin and restrain Defendant and any of Defendant's agents or other persons, departments, or components acting for, with, by, through, or under them from continuing to unlawfully withhold the agency records at issue in this case;

C. the Court award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

D. the Court award all other relief to Plaintiff that it deems just, equitable, and proper.

Dated: August 13, 2015                    Respectfully submitted,

/s/ R. Andrew Free
**R. ANDREW FREE, No. 30513**
414 Union Street, Suite 900

Nashville, TN 37219  
Telephone: (615) 244-2202  
Facsimile: (615) 244-4345  
Andrew@ImmigrantCivilRights.com